IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01996-CNS-KAS

MICHELE ADAMS,

      Plaintiff,

v.

MATRIX PROVIDERS INC. and
LOGISTICS HEALTH INCORPORATED,

      Defendants.

---

**ORDER**

---

At the June 25, 2026 hearing on Defendants' summary judgment motions (the Hearing), the Court ordered that Plaintiff's counsel, Nicole Pearson, provide the Court with one of the cases cited in Plaintiff's brief, *Ricks v. Starbucks Corp.*, No. 21-cv-01386, 2023 WL 8872476, at *6 (D. Colo. Dec. 22, 2023), *see* ECF No. 88 at 18, which neither the Court nor counsel for Defendant was able to locate. In her email to the Court on June 27, 2026, Ms. Pearson stated that she did not have a copy of the *Ricks* case, and explained that the case was included in Plaintiff's brief "inadvertently," as well as that the error may have been the result of Ms. Pearson relying "more heavily than usual on [her] staff to finalize and file our papers" due to a "significant family emergency."

1

The Court understands that mistakes happen, but this mistake was one of many in Plaintiff's briefing, as the Court outlined at the Hearing. Additionally, the Court believes that the inclusion of the *Ricks* case in Plaintiff's briefing was likely only possible because Ms. Pearson used artificial intelligence (AI) to complete her legal research. As an officer of the court, Ms. Pearson has a responsibility to ensure that any "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that any "denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(2), (4); *see also Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2026 WL 817370, at *12 (D. Colo. Mar. 25, 2026) ("Regardless of whether generative artificial intelligence was used or not, the Tenth Circuit has been clear that an attorney has a '**fundamental duty**' to the Court to confirm that all legal authorities in submissions to the Court are accurately cited, reflect accurate quotations, and stand for the propositions for which they are cited.") (citing *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *7 (10th Cir. Feb. 9, 2026)) (emphasis in original).

Separately, the Court is in receipt of two images posted on the day of the Hearing to the public Instagram "Stories" of an Instagram account named "nicolepearsonesq," which the Court believes is an Instagram account belonging to Ms. Pearson. The first story is a photo displaying a computer screen, highlighted copies of the briefing in this action, handwritten notes, and text added on top of the photo that says, "Grifting is FUN!" The second story shows a photo of the hallway in the courthouse outside of the

2

undersigned's courtroom with the following text: "Someone pray for me. I feel like I'm going to vomit." and "one of the biggest U.S. COVID cases going up for hearing," followed by emojis. In the second photo, the undersigned's name is visible on the wall outside of the courtroom. Also visible is a sign posted on the door of the undersigned's courtroom that reads "NO PHOTOS," "NO RECORDINGS," and "NO STREAMING."

As to the second photo, the Court is confident that Ms. Pearson has not only broken the Court's rules, but also Local Rule 83.1 for the District of Colorado, which provides that "[a] person shall not . . . take photographs or [] make audio or video recordings in any public area in the United States Courthouse." D.C.COLO.LCivR 83.1(c), (d). As to the first photo, the Court is unclear on what is meant by the statement "Grifting is FUN!" but based on the well-recognized meaning of the word "grifting," it has given the Court pause and raises potentially serious concerns about Ms. Pearson's behavior.

Accordingly, in light of all of the foregoing and pursuant to Rule 11(c)(3), the Court hereby ORDERS Ms. Pearson to SHOW CAUSE why sanctions should not be imposed for her violations of Rule 11(b) for the briefing errors outlined by the Court at the Hearing. Additionally, pursuant to Local Rule 1.1(c), the Court hereby ORDERS Ms. Pearson to SHOW CAUSE why sanctions should not be imposed for her failure to follow the Local Rules' prohibition on taking photographs inside the courthouse. Finally, the Court also ORDERS that Ms. Pearson's response to the show cause order address the first Instagram story described above and explain how the statement "Grifting is FUN!" relates to this case. To the extent that message is intended to imply that Ms. Pearson is "grifting"

her client, opposing counsel, or the Court, Ms. Pearson is ORDERED to explain why sanctions should not be imposed on her and/or her client, and why Ms. Pearson's behavior should not be reported to the State Bar of California, where she is admitted. Ms. Pearson's response to this show cause order is DUE on or before July 3, 2026.

DATED this 29th day of June 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge