**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

MICHELE ADAMS

Plaintiff,

Case No. 1:23-cv-01996-CNS-KAS

v.

MATRIX PROVIDERS, INC., and
LOGISTICS HEALTH INCORPORATED,

Defendants.

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

Plaintiff MICHELE ADAMS ("Plaintiff" or "Dr. Adams") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's Final Judgment granting summary judgment in favor of Defendants LOGISTICS HEALTH INCORPORATED ("LHI") and MATRIX PROVIDERS, INC. ("MATRIX") entered June 25, 2026 (ECF 104). In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

Dr. Adams respectfully submits that the Court overlooked or misapprehended her principal legal argument challenging the legality of LHI's blanket policy categorically refusing to consider religious accommodations for subcontractor employees. LHI sought summary judgment principally on the grounds that (1) LHI was not Dr. Adams's employer; (2) Dr. Adams never requested a religious accommodation from LHI and, therefore, LHI lacked notice of any conflict between her sincerely held religious beliefs and its COVID-19 Vaccination Policy; and (3) even if LHI was Dr. Adams's employer and had notice of such a conflict, accommodating her would have imposed an undue hardship. (ECF 76.) In response, Dr. Adams expressly argued that LHI's blanket no-

exemptions policy itself violated Title VII because it categorically refused to consider religious accommodations and foreclosed the individualized assessment required by federal law. ECF 88. Dr. Adams further argued that LHI could not rely upon the absence of an accommodation request where its own policy prohibited such requests and required MATRIX to enforce that categorical prohibition. *Id.*

During its oral ruling, however, the Court concluded that LHI's COVID-19 Vaccination Policy was lawful "as a matter of law," or words to that effect. That legal conclusion necessarily disposed of Dr. Adams's Title VII claims against LHI. Dr. Adams respectfully submits that the Court did not address her argument that LHI's blanket no-exemptions policy itself violated Title VII, nor did it identify the statutory provisions, legal standard, or controlling authority supporting its conclusion that such a policy was lawful as a matter of law.

Dr. Adams also respectfully submits that the Court improperly resolved genuine disputes of material fact in granting summary judgment in favor of MATRIX. Specifically, Dr. Adams presented evidence creating triable issues concerning whether (1) MATRIX actually engaged in the interactive process; (2) MATRIX did so in good faith; (3) MATRIX actually communicated possible accommodations to Dr. Adams; and (4) the accommodations identified by MATRIX were reasonable. Those disputed factual issues should have been viewed in the light most favorable to Dr. Adams and resolved by a jury, rather than on summary judgment.

Accordingly, Dr. Adams respectfully requests that the Court alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). Alternatively, if the Court intended to reject Dr. Adams's principal legal arguments on a basis not reflected in the present record, she respectfully requests that the Court amend or clarify its ruling by identifying the statutory provisions, legal standard, and controlling authority supporting its conclusion that LHI's blanket no-exemptions policy was lawful "as a matter of law," and by clarifying the basis for its determination that no genuine disputes of material fact

precluded summary judgment in favor of MATRIX. Such clarification would facilitate meaningful appellate review

## II. RELEVANT BACKGROUND

On June 25, 2026, the Court conducted oral argument on Defendants' Motions for Summary Judgment. Following oral argument, the Court granted both motions from the bench. ECF No. 103, 104. Later that day, the Court entered Final Judgment in favor of Defendants and against Plaintiff pursuant to Federal Rule of Civil Procedure 58(a) and directed the Clerk to close the case. ECF 104.

This Motion is timely filed within twenty-eight (28) days after entry of Judgment on June 25, 2026. Fed. R. Civ. P. 59(e).

## II. LEGAL STANDARD

Rule 59(e) permits a party to move to alter or amend a judgment within twenty-eight (28) days after its entry. Fed. R. Civ. P. 59(e). Rule 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision." Banister v. Davis, 590 U.S. 504, 507-08 (2020) (quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982)) (internal quotation marks omitted). The purpose of Rule 59(e) is to "correct manifest errors of law or to present newly discovered evidence." Monge v. RG Petro-Machinery (Grp.) Co., 701 F.3d 598, 611 (10th Cir. 2012) (quoting Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994)) (quotation omitted). In the Tenth Circuit, grounds for granting a Rule 59(e) motion include: (1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. Monge, 701 F.3d at 611 (quoting Somerlott v. Cherokee Nation Distributors, Inc., 686 F.3d 1144, 1153 (10th Cir. 2012)) (quotation omitted). The need to correct clear error or prevent manifest injustice includes circumstances where the Court has "misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III. LEGAL ARGUMENT

Dr. Adams respectfully submits that Rule 59(e) relief is warranted because the Court misapprehended Plaintiff's principal legal position, the controlling law, and material facts, resulting in clear error and manifest injustice. Specifically, as discussed below, Dr. Adams respectfully submits that the Court: (1) misapprehended her principal legal challenge to LHI's blanket no-exemptions policy; (2) concluded that LHI's COVID-19 Vaccination Policy was lawful "as a matter of law" without addressing the controlling statutory provisions, authorities, and legal arguments presented by Dr. Adams; and (3) resolved genuine disputes of material fact in Defendants' favor that should have been submitted to a jury. Accordingly, Dr. Adams respectfully requests that the Court alter or amend the Judgment pursuant to Rule 59(e).

### A. The Court Misapprehended Dr. Adams's Principal Challenge to LHI's Blanket Prohibition on Exemptions, Resulting in Clear Error and Manifest Injustice.

Dr. Adams's principal legal challenge to LHI's conduct was not that LHI denied her individual request for a religious accommodation, but that LHI's adoption and enforcement of a policy that categorically refused to offer, let alone consider, religious accommodations for subcontractor employees violated Title VII. ECF 88, pp. 9-12. Throughout summary judgment briefing and again during oral argument[1], Dr. Adams consistently argued that this policy violated federal law because it foreclosed the individualized assessment of religious accommodation requests required by Title VII and operated as a categorical prohibition against accommodating subcontractor employees with sincerely held religious beliefs. *Ibid*. Dr. Adams supported this argument with statutory authority, including 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(j); EEOC

[1] Plaintiff ordered the transcript of the June 25, 2026 hearing but has not yet received a copy. Accordingly, Plaintiff's references to the arguments made at the hearing and the Court's oral rulings are based on counsel's contemporaneous notes and recollection, and are offered in good faith pending preparation of the official transcript. Plaintiff respectfully reserves the right to supplement or correct any citations to the hearing transcript if necessary.

guidance, including Exhibit Y to her Request for Judicial Notice; and controlling authority, including *Groff v. DeJoy*, 600 U.S. 447 (2023), *EEOC v. JBS USA, LLC*, 339 F. Supp. 3d 1135 (D. Colo. 2018), and *Tabura v. Kellogg USA*, 880 F.3d 544, 555 (10th Cir. 2018). Dr. Adams expressly argued that, based on the text of Title VII and these authorities, an employer cannot satisfy its statutory obligations by adopting and enforcing a blanket policy that categorically refuses to offer or consider religious accommodations. Accordingly, the threshold legal issue presented was whether Title VII permits an employer to implement and enforce a policy that categorically refuses to offer or even consider religious accommodations for subcontractor employees. Resolution of that issue necessarily should have preceded any inquiry into whether LHI had notice of Dr. Adams's religious beliefs, whether she requested an accommodation, or whether accommodating her would have imposed an undue hardship. Stated differently, before the Court could determine whether LHI was entitled to judgment as a matter of law based on individualized accommodation issues, it first had to determine whether LHI's blanket no-exemptions policy itself complied with Title VII.

Dr. Adams respectfully submits that the Court did not address this threshold legal issue before proceeding to the individualized issues. Instead, the Court repeatedly stated during the hearing that it found LHI's COVID-19 Vaccination Policy to be lawful "as a matter of law" and proceeded to analyze whether LHI had notice of Dr. Adams's religious conflict and need for an accommodation, and whether accommodating Dr. Adams—something LHI admitted it never even considered because it never offered religious accommodations to subcontractor employees—would have imposed an undue hardship. *See* ECF 76, 94. Those questions, however, presuppose the very proposition disputed by Dr. Adams: that Title VII permitted LHI to adopt and enforce a blanket policy refusing to offer or consider religious accommodations in the first instance. They do not resolve the antecedent—and dispositive—question presented by Dr. Adams.

Notably, Dr. Adams did not contend—and expressly reiterated on multiple

occasions during oral argument—that LHI lacked authority to implement a COVID-19 Vaccination Policy. Rather, Dr. Adams argued that, regardless of LHI's authority to implement such policies, Title VII prohibited LHI from implementing and enforcing those which refused to offer or consider religious accommodations outright, and certainly without first conducting the individualized assessment required by federal law. ECF 88, pp. 9-12; Hearing. By beginning its analysis with issues that arise only after the legality of LHI's policy has been established, the Court did not address Dr. Adams's threshold legal challenge before proceeding to the individualized issues the controlling statutory provisions and authorities presented in support of that challenge. As a result, the Court granted LHI's Motion for Summary Judgment and dismissed Dr. Adams's claims against LHI in their entirety. ECF 104.

As explained above, Rule 59(e) relief is appropriate where the Court has "misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Dr. Adams respectfully submits that this is precisely what occurred here. Because the Court did not address the threshold statutory challenge advanced by Dr. Adams before proceeding to the individualized accommodation issues, it did not analyze whether LHI's blanket no-exemptions policy complied with Title VII under the controlling statutory framework and authorities applicable to that issue. Nor did the Court address the statutory provisions, EEOC guidance, and authorities upon which Dr. Adams relied in arguing that Title VII required LHI to offer and consider religious accommodations through an individualized assessment rather than categorically refusing to do so. Altering or amending the Judgment will permit the Court to address the threshold legal issue presented by Dr. Adams under the controlling statutory framework and authorities applicable to that issue before determining whether summary judgment remains appropriate.

### B. The Court Did Not Identify the Legal Basis for Its Conclusion That LHI's COVID-19 Vaccination Policy Was Lawful "As a Matter of Law."

Throughout the June 25, 2026 hearing, the Court stated that it found LHI's COVID-19 Vaccination Policy to be lawful "as a matter of law," or words to that effect[2], yet did not explain the basis for that determination or identify the statutory provisions, legal standard, or controlling authority upon which it relied. The Court likewise did not explain why it rejected Dr. Adams's interpretation of Title VII or the statutory provisions, EEOC guidance, and controlling authorities supporting that interpretation. As discussed above, that conclusion necessarily resolved the threshold statutory issue presented by Dr. Adams in opposition to LHI's Motion for Summary Judgment.

Because the Court's determination that LHI's COVID-19 Vaccination Policy was lawful "as a matter of law" was dispositive of Dr. Adams's claims against LHI, Rule 59(e) permits the Court to reconsider that determination if it misapprehended Dr. Adams's principal legal theory or the controlling law. If, upon reconsideration, the Court concludes that its determination was correct, identifying the statutory provisions, legal standard, and controlling authority supporting that conclusion will facilitate meaningful appellate review and ensure that the Judgment rests upon the legal framework actually applied by the Court. Conversely, if the Court concludes that it misapprehended Dr. Adams's principal legal theory or applied an incorrect legal framework, Rule 59(e) authorizes the Court to alter or amend the Judgment to correct that clear error and prevent manifest injustice.

### C. <u>The Court Overlooked Genuine Disputes of Material Fact Precluding Summary Judgment in Favor of MATRIX.</u>

Dr. Adams respectfully submits that the Court also committed clear error by granting summary judgment in favor of MATRIX despite the existence of genuine disputes of material fact. Rule 56 required the Court to view the evidence and draw all reasonable inferences in Dr. Adams's favor as the nonmoving party. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Matsushita Elec. Indus. Co.*

[2] *See* fn. 1.

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Instead, the Court necessarily resolved in MATRIX's favor disputed factual issues concerning (1) whether MATRIX communicated and offered Dr. Adams a reasonable accommodation; (2) whether MATRIX fulfilled its independent obligations under Title VII by engaging in the interactive process in good faith, or instead improperly shifted those obligations to Dr. Adams; and (3) whether MATRIX's stated reason for terminating Dr. Adams was genuine or pretextual. These disputed issues should have been submitted to a jury, not resolved on summary judgment. The summary judgment record contained, at minimum, the following genuine disputes of material fact:

- **Whether MATRIX communicated and offered a reasonable accommodation.** MATRIX contended that it reasonably accommodated Dr. Adams by providing access to hundreds of alternative job postings through an embedded link in an email. Dr. Adams, however, presented evidence that the "Jobs Page" merely linked to over 400 positions; that every other audiologist position required relocation across the country; that the only position permitting continued employment without complying with LHI's vaccination requirement was located in California; that MATRIX never responded to her inquiries regarding either the Knoxville position or the California position; and that MATRIX never informed her she was qualified for any corporate position. A reasonable jury could conclude from this evidence either that MATRIX failed to communicate or offer a reasonable accommodation or that the accommodations it identified were not reasonable.

- **Whether MATRIX fulfilled its Title VII obligations by engaging in the interactive process in good faith, or instead improperly shifted those obligations to Dr. Adams.** Dr. Adams presented evidence that she specifically asked whether she could remain in her current position through testing, inquired about the Knoxville and California positions, and twice emailed MATRIX seeking clarification regarding possible accommodations. MATRIX did not dispute that it

failed to respond to either inquiry before terminating her employment. MATRIX nevertheless asserted that Dr. Adams was terminated because she failed to identify another available position. Dr. Adams argued that Title VII places the burden on the employer—not the employee—to identify and provide a reasonable accommodation—and presented evidence that she sought to remain employed, pursued available options, did not reject reassignment, and repeatedly sought clarification from MATRIX regarding available accommodations. A reasonable jury could conclude that MATRIX failed to engage in the interactive process in good faith and instead improperly shifted its statutory obligations to Dr. Adams.

- **Whether MATRIX's stated reason for terminating Dr. Adams was genuine or pretextual.** MATRIX asserted that Dr. Adams was terminated because she failed to identify another position. Dr. Adams, however, produced evidence that MATRIX granted her religious accommodation request, reposted her existing position before terminating her employment, failed to respond to her inquiries regarding available accommodations, and ultimately informed her that her employment was ending because she had "declined the COVID-19 vaccine," not because she rejected a reasonable accommodation. A reasonable jury could conclude from this evidence that MATRIX's proffered explanation was inconsistent with the record and that the true reason for her termination was her inability to comply with a vaccination requirement that conflicted with her sincerely held religious beliefs.

Because these disputed facts bear directly on MATRIX's compliance with Title VII and its asserted justification for terminating Dr. Adams's employment, they are material within the meaning of Rule 56. By resolving these disputed factual issues in MATRIX's favor rather than permitting a jury to determine witness credibility, weigh the evidence, and draw reasonable inferences, the Court committed clear error. Rule 59(e) authorizes the Court to alter or amend the Judgment to correct that error and prevent manifest injustice.

## IV. CONCLUSION

For the foregoing reasons, Dr. Adams respectfully requests that the Court grant this Motion pursuant to Federal Rule of Civil Procedure 59(e). As set forth above, the Court misapprehended Dr. Adams's principal legal challenge by analyzing individualized accommodation issues before resolving the threshold question whether Title VII permits an employer to adopt and enforce a blanket policy categorically refusing to offer or consider religious accommodations for subcontractor employees. The Court further concluded that LHI's COVID-19 Vaccination Policy was lawful "as a matter of law" without identifying the statutory framework, legal standard, or controlling authority supporting that dispositive determination. Finally, the Court granted summary judgment in favor of Matrix despite genuine disputes of material fact concerning Matrix's compliance with its independent obligations under Title VII.

Accordingly, Dr. Adams respectfully requests that the Court alter or amend the Judgment, vacate its Order granting Defendants' Motions for Summary Judgment and the Judgment entered thereon, deny Defendants' Motions for Summary Judgment, and grant such other and further relief as the Court deems just and proper.

Dated: July 22, 2026

Respectfully submitted,
MICHELE ADAMS

By: /s/ Nicole C. Pearson

Nicole C. Pearson (SBN 265350)
FACTS LAW TRUTH JUSTICE, A.P.C.
5319 University Drive, Ste. 503
Irvine, Calif. 92612
O: (949) 200-9170
E: nicole@FLTJllp.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, the foregoing was filed and served upon all parties via the Court's CM/ECF electronic filing system as follows:

Williams Weese Pepple & Ferguson PC
Bronwyn H. Pepple
Gavin Jacobs
1801 California Street, Suite 3400
Denver, CO 80202
303.861.2828
bpepple@williamsweese.com
gjacobs@williamsweese.com
Attorneys for Defendant Matrix Providers Inc

Seyfarth Shaw LLP
Christopher J. DeGroff
Samantha L. Brooks
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
cdegroff@seyfarth.com
sbrooks@seyfarth.com
Attorneys for Defendant
Logistics Health Incorporated

/s/ Nicole C. Pearson
Nicole C. Pearson